## HERR ET AL. v. JOHNSON.

Under the General Statutes, chapter 17, adopting "the common law of England, so far as the same is applicable and of a general nature," and all English statutes, with certain exceptions, "prior to the fourth year of the reign of James I.," a landlord cannot distrain for rent in the absence of an express agreement therefor; the law of England, as it stood prior to the fourth year of James I., not authorizing distress for rent in such case. The territory embraced in the state of Colorado having been governed according to the civil law before its acquisition by the United States, no common law exists here independent of legislative enactments.

*Error to the Superior Court of Denver.*

THIS action was commenced by Johnson, the defendant in error, April 26, 1884. It appears that Herr and

Broadwell, the plaintiffs .in error, were the owners of certain real-estate premises in the city of Denver, and on the 1st day of January, 1883, leased the same to one Betts at a certain monthly rental, payable in advance; that the said Betts then placed his furniture, goods and chattels therein, and as such tenant occupied and used such premises as an hotel and boarding-house, and on March 6, 1884, was in arrears for rent in the sum of $700. On February 26, 1883, Betts executed and delivered to the said Johnson a good and sufficient chattel mortgage upon the said furniture, goods and chattels, to secure the payment of a *bona fide* debt owing to the said Johnson, who took the said mortgage without notice that Betts was in default of the rent, but with notice that Betts was a tenant of plaintiffs in error, and the said mortgage was duly executed and recorded. The value of the property was less than the amount of the said debt, and less than the amount of the said rent in arrears. On March 4, 1884, the said Herr and Broadwell, plaint-- iffs in error, caused the seizure of said furniture, goods and chattels upon a landlord's warrant of distress, whereupon Johnson, the defendant in error, claimed and asserted right to the chattels by virtue of the said chattel mortgage, and accordingly commenced these proceedings for the recovery thereof, and the case was submitted in the court below on the foregoing agreed statement of facts. Judgment was accordingly given for the said Johnson, and the case is here on writ of error.

Messrs. C. B. WHITFORD and C. G. CLEMENTS, for plaintiffs in error.

Messrs. SAMPSON and MILLETT, for defendant in error.

STALLCUP, C. Were the proceedings to distrain for rent warranted by law? This question is presented and argued here. It is conceded that we have never had any legislative enactment providing any such right or pro-

ceedings; but it is insisted that such right exists here by virtue of the adoption of the common law of England by our legislative enactment (Gen. St. ch. 17), whereby it was declared that "the common law of England, so far as the same is applicable, and of a general nature, and all acts and statutes of the British parliament made ·in aid of, or to supply the defects of, the common law prior to the fourth year of the reign of James I.," stating certain exceptions, " and which are of a nature general, and not local to that kingdom, shall be the rule of decision, and considered as of full force until repealed by legislative authority." This was enacted by the first legislature of the territory of Colorado, and was approved October 11, 1861. It is sufficient to say that not until after the fourth year of the reign of James I. was the law of England such as to authorize the landlord to distrain for rent, except for rent service (a holding by fealty or homage, as well as a certain rent) and rent charge (a holding under a lease containing a clause reserving the right to distrain); that not until in the reign of George II. was the distinction between the several kinds of rent abolished, so far as to give remedy by distress for all. 2 Bl. Comm. 42, 43; 3 Kent, Comm. 460, 461. It is apparent that the common law of England, as adopted here by the said legislative enactment, did not authorize the landlord's warrant of distress in cases like the one under consideration, viz., a holding under a lease without a clause expressly reserving the right to distrain for rent. The conclusions reached in the case of *Penny v. Little*, 3 Scam. 301, rest upon the peculiar source and character of the laws of Illinois, as will be seen from the opinion in that case at pages 304 and 305. This question has received much attention in the cases of *Dutcher v. Culver*, 24 Minn. 584, and *Coburn v. Harvey*, 18 Wis. 148, but I do not regard the conclusions adopted there applicable here. The right of the landlord to distrain for rent, in the absence of express agreement therefor, has never ex-

isted in this state. The common law of England had never obtained in this portion of the North American continent previous to its acquisition by our general government. This portion of our country was never 'under British dominion. The acquisition thereof was by treaty and purchase long after the Revolution, and from powers not having the common law, but the civil law; so that the first foot-hold or actual existence of the common law of England here was necessarily by legislative enactments, and necessarily limited according to the expression of such enactments. *Acklen v. Franklin*, 7 La. Ann. 418; *Johnson v. McIntosh*, 8 Wheat. 571; *Malpica v. McKown*, 1 La. 248; *Arayo v. Currel*, id. 528; *Canal Appraisers v. People*, 17 Wend. 588–590; *Norris v. Harris*, 15 Cal. 252, 253; *Reaume v. Chambers*, 22 Mo. 53. Our legislature having adopted the common law of England as it existed prior to the fourth year of the reign of James I., our courts cannot substitute a different date. The judgment should be affirmed.

PER CURIAM. For the reasons assigned in the foregoing opinion of Commissioner STALLCUP the judgment of the court below is affirmed.

*Affirmed.*